IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 AUG 30 PM 3:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 30 2001

| | |
|---|---|
| MEREDITH BUTLER, | } |
| | } |
| Plaintiff, | } CIVIL ACTION NO. |
| | } |
| v. | } 01-AR-1869-S |
| | } |
| SEARS, ROEBUCK & CO., et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Meredith Butler ("Butler"), to remand her above-entitled action to the Circuit Court of Jefferson County, Alabama, from whence it was removed by defendant, Sears, Roebuck & Co. ("Sears"), on July 27, 2001. On August 1, 2001, this court, entertaining severe doubts about its subject matter jurisdiction under 28 U.S.C. §1331, issued an order directing Sears to show cause, if it could do so, why the action should not be remanded. Sears thereupon attempted to justify its removal. On August 16, 2001, Butler countered by filing the motion that is now under consideration.

Sears, which removed the case on the basis of the alleged existence of a federal question, opposes remand by arguing that Butler necessarily asserts a federal claim over which her purported claims under state law do not predominate. See 28 U.S.C. §1441(c).

Butler's original complaint was aimed at her employer and at a supervisor, Frank Blankenship, who has joined in the removal. After the state court ordered Butler to amend her complaint to make

10

it more specific, she amended, using or misusing the words "sexual harassment" for the first time. She nowhere mentioned Title VII or any other source of federal law as a basis for any of her claims or causes of action. Both the original complaint and the amended complaint predominantly charge defamation.

Although Sears may be correct in its assertion that there is no such thing in Alabama as a cause of action for "sexual harassment", when Butler chose the state forum she had the right to limit her complaint to claims arising under state law and therefore the right to block a removal of her case under 28 U.S.C. §1331, even if her avowed purpose for not invoking federal law was to avoid removal. If the possibility exists that Butler, whether inadvertently or by artful pleading, made a claim which has viability only under a federal theory, she has, in her motion to remand, removed any possibility of anyone, including Sears, misconstruing her complaint. She has eliminated all possible ambiguity, whether latent or patent. She has made it plain that she does not intend, and never intended, to rely on Title VII or on any other federal theory.

A post-removal amendment to a complaint may not undercut a valid removal. See *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287 (11th Cir. 2000). However, a plaintiff by post-removal amendment can remove legitimate ambiguity which the removing defendant seized upon on its way to the federal courthouse. Sears here hopefully grasped and magnified Butler's

possible equivocation far beyond what Butler could ever have intended.

Butler now has unequivocally disavowed any intention to pursue a federal claim, making clear that she is permanently committed to pursuing whatever claim she has against Sears, even a claim that may be described as "sexual harassment", under **state** law and not under **federal** law. She will likely hit a brick wall in the state court on any cause of action for "sexual harassment", but this court is not prepared to tell her that she cannot try, whether directly or indirectly, to pursue in state court something she loosely calls "sexual harassment". This court is confident that Butler's choice of the words "sexual harassment" was "window dressing" and was not an attempt to invoke Title VII by some devious or back-door route. It was certainly not set forth in a separate "count".

If this court has been erroneously unable to detect a federal claim in Butler's amended complaint, and if Butler's allegation of "sexual harassment" is, by necessary implication, a federal claim, nevertheless her state law claims predominate over any such claim, and under 28 U.S.C. §1441(c), a discretionary remand is permitted. The mere words "sex", "female employee", and "wrongfully harassed" in the amended complaint do not alter the focus of Butler's complaint. She is basically complaining about alleged libel, slander and a conspiracy to falsely accuse her of sexual misconduct. These are garden variety state law tort claims. A

lawyer's employing the term "sexual harassment" to describe defendants' conduct, if it constitutes an attempt to insinuate a cause of action under Title VII, is secondary and insignificant.

There may be procedural shortcomings in the removal, but any such defects are academic, not only because procedural defects are waivable, and Butler has not relied upon them, but because the absence of subject matter jurisdiction cannot be waived and would require remand even if there were no motion to remand.

Sears's reliance on this court's opinion in *Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 2d 1217 (N.D. Ala. 2000) is misplaced. A careful reading of *Watkins* supports rather than contradicts the conclusion the court has reached in this case.

A separate order of remand will be entered.

DONE this 30th day of August, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE